COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 02-05-052-CR
 
  
ROGER 
VINCENT FORD                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
June 2002, Appellant Roger Vincent Ford entered an open plea of guilty to 
aggravated sexual assault of a child under fourteen years of age. The trial 
court found Appellant guilty and sentenced him to thirty-five years’ 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice. Almost a year later, this court affirmed the trial court’s judgment.[2]  Less than four months after this court affirmed his 
conviction and sentence, Appellant filed a motion for DNA testing. The trial 
court denied the motion, and Appellant appeals from that denial. Because we hold 
that the trial court properly denied the motion, we affirm the trial court’s 
order.
        In 
one point, Appellant contends that the trial court erred by denying his request 
for DNA testing solely because of Appellant’s guilty plea. Article 64.03 of 
the Texas Code of Criminal Procedure provides, among other things, that “[a] 
convicted person who pleaded guilty or nolo contendere in the case may submit a 
motion under this chapter, and the convicting court is prohibited from finding 
that identity was not an issue in the case solely on the basis of that plea.[3]  As the State points out, Appellant did not just 
plead guilty; he gave a written statement substantiating his guilt. That is, 
Appellant confessed that he rubbed lotion on the complainant’s body, that she 
rubbed lotion on his penis, that she lay on top of him, and that his penis 
touched her sexual organ without penetrating it. Even though Appellant claimed 
in an affidavit submitted in support of his motion for DNA testing that his 
confession was false and involuntary, Appellant did not challenge the validity 
of his confession on direct appeal.[4]  We hold 
that the trial court properly took Appellant’s confession into consideration 
as evidence of the crime.[5]  We therefore also 
hold that the trial court did not improperly rely solely on Appellant’s guilty 
plea in denying his motion for DNA testing. We overrule Appellant’s sole point 
and affirm the trial court’s order.
  
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   DAUPHINOT, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 4, 2005


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Ford v. State, 2003 WL 2135559, No. 02-02-276-CR (Tex. App.—Fort 
Worth May 29, 2003, no pet.) (not designated for publication).
3. 
Tex. Code Crim. Proc. Ann. art. 
64.03 (Vernon Supp. 2004-05).
4. 
See Ford, 2003 WL 2135559.
5. 
See Rivera v. State, 89 S.W.3d 55, 60 (Tex. Crim. App. 2002); Dorsey 
v. State, 2004 WL 1688804, at *3-4 (Tex. App.—Houston [1st 
Dist.] July 29, 2004, no pet.) (not designated for publication).